IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANITA RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:26-CV-165-H-BV |
| | § | |
| MICHAEL CROSS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Anita Russell moves to proceed *in forma pauperis* (IFP) in this action. Dkt. No. 7. Russell reports significant assets and an income that exceeds the poverty level for a household of two. Because Russell can pay the filing fee without incurring undue financial hardship, the undersigned recommends that the district judge deny her application to proceed IFP.[1]

**1. Discussion**

Proceeding IFP in a civil case "is a privilege that may be extended or withdrawn." *Birgans v. Louisiana*, 411 F. App'x 717, 718 (5th Cir. 2011) (per curiam); *accord Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998) (recognizing that "proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In making an IFP determination, the Court

[1] Under Special Order 3-251, this case was automatically referred to the undersigned magistrate judge for pretrial management. Dkt. No. 2. Because the undersigned concludes Plaintiff is not entitled to proceed IFP, the undersigned enters these findings, conclusions, and recommendation in accordance with Miscellaneous Order No. 6.

should consider whether payment of the filing fee will result in the applicant "suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court may consider the total monetary resources available to assist the applicant, including a spouse's income, in making this determination. *See Montiel v. Wyndham Anatole Hotel*, No. 3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (recommending denial of motion to proceed *in forma pauperis* where plaintiff and spouse had a combined monthly income of $3,360.00); *see also Prows*, 842 F.2d at 140 (holding that § 1915(a) provides access to federal courts for plaintiffs "who lack the financial resources" to pay filing costs). The Court may also review and consider whether a plaintiff's expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140.

For the 12 months preceding the filing of her IFP application, Russell's monthly household income was $6,381.33, resulting in a yearly household income of $76,575.96. Dkt. No. 7 at 1–2. This far exceeds the poverty level for a household of two. *See* Dep't of Health & Human Servs., *Poverty Guidelines* (Jan. 2026), https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (listing poverty guideline of $21,640 for household of two). However, because Russell is no longer employed or receiving unemployment benefits, she expects her household income next month to include only her spouse's income of $3,000. Dkt. No. 7 at 1–2, 5. Even so, an average household income of $3,000 exceeds the poverty level for a household of two.[2] Russell's IFP

[2] Russell reports her spouse's gross monthly pay is $3,000 per month and lists a $600 monthly business expense. Dkt. No. 7 at 2, 5. Even if her spouse's net expected income next month is $2,400 ($28,800 annually), this still exceeds the poverty level for a household of two.

application may be denied for this reason alone. *See, e.g.*, *Venable v. Venable*, No. 4:23-CV-1245-O-BP, 2024 WL 365774, at *1 (N.D. Tex. Jan. 12, 2024) (recommending denial of IFP application with monthly income of $2,000, which exceeded the poverty level for a family of two), *R. & R. adopted* 2024 WL 382053 (N.D. Tex. Jan. 31, 2024).

Even so, the Court considers Russell's expenses. She reports her household has average monthly expenses of approximately $3,134.16, including $50 in recreation and entertainment and $80 in credit card payments.[3] Dkt. No. 7 at 4. Although these expenses slightly exceed the expected household income next month, Russell also reports having $500 in cash, along with other assets, including a home she values at $170,853 and two vehicles that are together worth $4,200. *Id.* at 2–3. This serves as additional evidence that Russell can pay the $405.00 filing fee without suffering undue financial hardship. *See Lansford v. Laredo Coll.*, No. 5:23-CV-00045, 2023 WL 4669685, at *2 (S.D. Tex. June 28, 2023) (observing that courts sometimes deny IFP applications even where expenses exceed income because the applicant had other assets), *R. & R. adopted by* 2023 WL 4670303 (S.D. Tex. July 20, 2023); *see, e.g.*, *Fournerat v. Green*, No. 3:26-CV-928-K-BW, 2026 WL 1277934, at *2 (N.D. Tex. Apr. 16, 2026) (recommending denial of IFP application when plaintiff reported "$8,500 in unidentified assets, as well as his spouse's vehicle for which he" did not "provide a value"), *R. & R. adopted by* 2026 WL 1277598 (N.D. Tex. May 8, 2026).

[3] Russell appears to miscalculate her total average household expenses, so the Court recalculated them. Dkt. No. 7 at 5. Russell reports that her household spends $250 a year on home maintenance and $200 semi-annually on medical and dental expenses. *Id.* at 4–5. Recalculated, the household has average expenses of $20.83 per month for home maintenance and $33.33 per month for medical/dental expenses.

**2. Recommendation**

The undersigned recommends that the United States District Judge **DENY** Russell's IFP application. Dkt. No. 7. The undersigned further recommends that the district judge order Russell to pay the $405.00 filing fee within **fourteen (14) days** from the date of any order denying her motion to proceed IFP.

**3. Right to Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED** on August 13, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**